SO ORDERED.

Dated: February 27, 2019



Madeleine C. Wanslee
**Madeleine C. Wanslee, Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 |
| JOAN KATHRYN LIVDAHL, | Case No. 2:16-bk-12768-MCW |
| Debtor. | |
| LEONARD N. ROBERTS, | Adversary No. 2:18-ap-00054-MCW |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS PURSUANT TO A.R.S. § 12-341.01; AND** |
| v. | |
| JOAN KATHRYN LIVDAHL, | |
| Defendant. | **ORDER ALLOWING FEES AND COSTS TO DEFENDANT PURSUANT TO 11 U.S.C. § 523(d)** |

This matter is before the Court on Joan Kathryn Livdahl's ("Defendant," "Debtor," or "Livdahl") *Motion for Award of Attorneys' Fees* ("Motion"). Ms. Livdahl's counsel at a prior hearing on her *Motion to Dismiss Adversary Complaint, or in the Alternative Motion for More Definite Statement* made an oral request for an award of attorney's fees and costs. The Court allowed counsel to file an application to recover fees and costs and set a schedule for any response and a reply. Having reviewed all papers filed, the Court denies Debtor's request for relief under

Arizona Revised Statute ("A.R.S.") § 12-341.01 and allows fees under 11 U.S.C. §523(d) to be paid conditional upon entry of Debtor's discharge in this Chapter 11 case.

Ms. Livdahl argues that she is entitled to an award of attorney's fees and costs under A.R.S. § 12-341.01 because 1) the adversary action arose out of contract and 2) as a sanction to deter the Plaintiff, Mr. Roberts, from continuing to file complaints that have no legal basis. Debtor notes that the adversary complaint sought to hold her debt owed to Desert Schools Federal Credit Union ("DSFCU") as non-dischargeable and that this underlying debt existed only because of the contract between Livdahl and DSFCU on the Home Equity Line of Credit. Therefore, because the adversary complaint would not, and could not, exist, but for the existence of the underlying contract, attorneys fees are proper under A.R.S. § 12-341.01. Livdahl argues the claims alleged in the complaint are factually connected to the contract, so the fees and costs are allowed under the Arizona statute.

Mr. Roberts, through counsel, filed an opposition to the Motion. Roberts argues that the three-count complaint alleged two counts of fraudulent transfer and one count for fraudulent concealment based on false pretenses, a false representation, or actual fraud. It is Roberts' position that the adversary action does not allege a contract between himself, as Plaintiff, and the Debtor, and does not allege a breach of any contract. Roberts argues that when a contract is "merely somewhere in the factual background," of a cause of action, as it was in this case where Debtor and DSFCU's contractual relationship is merely incidental to the causes of action based on Debtor's alleged fraudulent conduct, an award of attorneys fees under A.R.S. § 12-341.01 "is not proper." Both Roberts and Debtor cite to *In re Larry's Apartment, L.L.C.*, 249 F.3d 832, 836 (9th Cir. 2001).

Adversary proceeding 2:18-ap-00054-MCW was initiated by a complaint to determine dischargeability of debt filed on February 14, 2018. The prayer for relief requested that the Court "enter an Order declaring any amount the Debtor owes [Desert Schools Federal Credit Union] under the Home Equity Variable Rate Line of Credit Agreement and Disclosure Statement to be

non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A). . . ." Although the three count complaint made two claims for fraudulent transfer without citing the statutory basis for such a claim, and one count for fraudulent concealment, again without citing the statutory basis or legal authority for the claim, the Plaintiff did not seek separate relief under any of the three counts and unquestionably requested the Court in its prayer for relief to find that any debt owed to DSFCU to be found to be non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

The deadline for filing a dischargeability complaint was set as February 13, 2017 according to the Notice of Chapter 11 Bankruptcy Case which was filed on November 16, 2016 (Dkt # 10) and sent to all creditors listed on the Master Mailing List by the Bankruptcy Noticing Center (see BNC Certificate of Notice at Dkt # 12).[1]

## DISCUSSION

There is no general right to recover attorneys fees under the Bankruptcy Code. *Hosseini v. Key Bank, N.A. (In re Hosseini)*, 504 B.R. 558, 568 (9th Cir. BAP 2014). Under the American Rule, the prevailing party in a non-dischargeability action does not ordinarily recover attorney's fees. *Travelers Cas. & Surety Co. of Am. v. Pac. Gas & Elec. Co*, 549 U.S. 443, 448 (2007). The default application of that Rule can be overcome by statute or an enforceable contract. *Id.* A contract enforceable under substantive non-bankruptcy law that allocates attorney's fees is enforceable in a bankruptcy case, unless the Bankruptcy Code provides otherwise. *Id.*

### A) Fee Award Under A.R.S. § 12-341.01

Ms. Livdahl argues that she is entitled to a fee award based on an Arizona statute, A.R.S. § 12-341.01,[2] that allows for the recovery of fees in any contested action arising out of a contract.

---

[1] Mr. Roberts is listed on the BNC Certificate of Notice at Dkt # 12. Mr. Roberts' attorney filed a separate, timely dischargeability action under 11 U.S.C. § 523(a)(2) regarding real property located in Tucson, Arizona on February 13, 2017.

[2] A.R.S. § 12-341.01 provides:
  A. In any contested action arising out of a contract, express or implied, the court may award
  the successful party reasonable attorney fees, If a written settlement offer is rejected and the
  judgment finally obtained is equal to or more favorable to the offeror than an offer made in
  writing to settle any contested action arising out of contract, the offeror is deemed to be the

The Court notes that Ms. Livdahl does not cite to a provision of the contract allowing for fees, presumably because she acknowledges that the contract in question is between Ms. Livdahl and DSFCU and that Mr. Roberts is not a party to that contract. Therefore, he is not bound by the provisions contained therein, including any provision that allows for an award of attorney's fees. An award of attorney's fees under A.R.S. § 12-341.01 is not mandatory, and, is instead, at the Court's discretion.[3]

The Court finds and concludes that while the contract in question, the Home Equity Variable Rate Line of Credit, established the relationship between the Debtor and DSFCU, it was not the basis for the non-dischargeability complaint brought by Mr. Roberts. The complaint filed by Mr. Roberts is based in fraud, or fraudulent transfer, and it seeks a determination that a debt owed should be declared non-dischargeable under 11 U.S.C. § 523(a)(2)(A). Yes, there was a contract, but this is not a suit based on a breach of the contract or to enforce the terms of the contract. As stated in *Larry's Apartment*, this contract is "merely somewhere in the factual background, [and] an award of fees under [A.R.S.] § 12-341.01(A) is not proper."[4] Accordingly, the Court finds that the action did not arise out of contract.[5] Because the action did not arise out of contract, an award of fees under A.R.S. § 12-341.01 is not proper under these circumstances and the requested relief on this basis is denied.

---

successful party from the date of the offer and the court may award the successful party reasonable attorneys fees. This section shall not be construed as altering, prohibiting or restricting present or future contracts or statutes that may provide for attorneys fees.

[3] *Chartis Prop. Cas. Co. v. Alpert*, 624 Fed.Appx. 511, 512 (9th Cir. 2015) (citing *Assoc. Indem. Corp. v. Warner*, 694 P.2d 1181, 1184 (Ariz. 1985) ("'[T]he statutory language is permissible[]' . . . a court is not required to 'grant attorney's fees to the prevailing party in all contested contract actions.'").

[4] 249 F.3d at 836.

[5] The Court also notes that as in *Larry's Apartment*, not only was there no claim to enforce the contract or claim of invalidity, but also one of the parties to the non-dischargeability action was not even a party to the contract. *See* 249 F.3d at 837 (noting that neither Debtor nor NDDC were a party to the contract that Galam entered with the seller of the subject parking lot). Which is like this case where the Plaintiff to the non-dischargeability action, Mr. Roberts, was not a party to the Home Equity Line of Credit, which was a contract that was between Ms. Livdahl and DSFCU.

### B) Fee Award Under FRBP 9011 and A.R.S. § 12-349

In addition to A.R.S. § 12-341.01, there are other statutory provisions that may allow for an award of attorney's fees. Federal Rule of Bankruptcy Procedure ("FRBP") 9011 generally follows the provisions for sanctions allowed under Federal Rule of Civil Procedure 11 for pleadings and documents that might be filed for an improper purpose, such as to harass, cause unnecessary delay, or to make frivolous arguments and otherwise engaging in vexatious litigation.[6] However, an important distinction of Rule 11 and Rule 9011 is that they require notice to the party allegedly violating the Rule. The party must be given an opportunity to withdraw the challenged paper, claim, defense, contention, or denial. *See* FRCP 11 (c)(2) and FRBP 9011(c)(1)(A). Without following this safe harbor provision contained in each of the respective Rules, a motion for sanctions cannot be filed. In this case, Debtor gave no such

---

[6] FRBP 9011 provides in pertinent part:

**(b) Representations to the Court.** By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—

. . . .

**(c) Sanctions.** If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.
*(1) How initiated.*
**(A) By motion.** A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 7004. The motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected, except that this limitation shall not apply if the conduct alleged is the filing of a petition in violation of subdivision (b). **If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion.** Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees.

Emphasis added.

warning and opportunity to withdraw. Therefore, the Court finds and concludes that a fee award or sanctions under Rule 9011 is not appropriate, and any such relief must be denied on this basis.

Similarly, under Arizona law, A.R.S. § 12-349, [7] attorneys' fees and costs may be awarded as a sanction for an unjustified action.[8] A fee award under A.R.S. § 12-349 does not mandate the safe harbor warnings required under Rules 11 and 9011 in the federal system. An award under A.R.S. § 12-349 is typically given as a sanction in response to misconduct that occurs during litigation. Further, the prevailing current practice in the Ninth Circuit is to not use a state law remedy for a litigation sanction, and instead to focus on the rules and policies for conduct before the federal courts and to use federal procedural law and rules to enforce any breaches of that conduct. The Ninth Circuit in *Larry's Apartment* found that the bankruptcy court erred when it relied on an Arizona statute for the purpose of imposing a fee sanction; if sanctions were to be imposed by the bankruptcy court, they should be under the policies and

---

[7] A.R.S. § 12-349 provides in part:
> A. Except as otherwise provided by and not inconsistent with another statute, in any civil action commenced or appealed in a court of record in this state, the court shall assess reasonable attorney fees, expenses and, at the court's discretion, double damages of not to exceed five thousand dollars against an attorney or party, including this state and political subdivisions of this state, if the attorney or party does any of the following:
> 1. Brings or defends a claim without substantial justification.
> 2. Brings or defends a claim solely or primarily for delay or harassment.
> 3. Unreasonably expands or delays the proceeding.
> 4. Engages in abuse of discovery.
>
> B. The court may allocate the payment of attorney fees among the offending attorneys and parties, jointly or severally, and may assess separate amounts against an offending attorney or party.
>
> C. Attorney fees shall not be assessed if after filing an action a voluntary dismissal is filed for any claim or defense within a reasonable time after the attorney or party filing the dismissal knew or reasonably should have known that the claim or defense was without substantial justification.
>
> . . . .

[8] The Court is aware that the possibility of awarding attorneys' fees as a sanction may not be available under current Ninth Circuit precedence. Compare *Langley v. Brown*, 204 Fed.Appx. 597 (9th Cir. 2006) and *Larry's Apartment*, 249 F.3d at 838-39 (District Court erred by relying on Arizona's A.R.S. § 12-349 when imposing sanctions; if litigation sanctions were to be imposed, it had to be under the policies and procedures established by federal law) with *Blockbuster Videos, Inc. v. City of Tempe*, 141 F.3d 1295, 1300 (9th Cir. 1998).

procedures provided under federal law.[9] The Court finds and concludes that an award of fees and costs under A.R.S. § 12-349 is not warranted in this case.

### C) Fee Award Under the Bankruptcy Code – Section 523(d)

There is no general right to recover attorneys fees under the Bankruptcy Code, but there are specific provisions of the Code that will allow an award.[10] There is such a Bankruptcy Code provision that applies in this case. Section 523(d) allows a debtor to recover attorney's fees if a creditor asks for a determination of the dischargeability of a consumer debt under § 523(a)(2) and that debt is subsequently discharged.[11] The Court finds that § 523(d) contains language, provided the conditions stated in the statute have been met, that the award of fees is compelling, if not mandatory: "the court **shall** grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, . . ." (Emphasis added). Once the conditions of subsection (d) have been met, there is only a narrow exception of a situation where "special circumstances would make the award unjust." Courts have found that a creditor is on notice that the loss of a claim asserted under § 523(a) may result in the award of attorney's fees to the debtor, and that a debtor does not have to specifically request attorney's fees at the outset of the § 523(a) action.[12]

---

[9] 249 Fd.3d at 838.

[10] *See e.g.* 11 U.S.C. § 362(k) which allows for the recovery of attorney's fees and costs as part of actual damages for a violation of the automatic stay.

[11] 11 U.S.C. § 523(d) provides:
> If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust.

[12] *Davis v. Melcher (In re Melcher)*, 322 B.R. 1, 5 (Bankr. D.D.C. 2005) (quoting from *Comm. Union Ins. Co. v. Sidore (In re Sidore* 41 B.R. 206, 209 (Bankr. W.D.N.Y. 1984), "[s]ince § 523(d) clearly states that the debtor is entitled to costs and reasonable attorney's fees, the creditor is on notice that loss of his claim could result in his being assessed those fees and costs."); *see also In re Malone*, No. 10-02470-HB, 2011 WL 3800121 (Bankr. D. S.C. Aug. 29, 2011); *MBNA Am., N.A. v. Vehlewald (In re Vehlewald)*, Bankr. No. 05-55279-293, Adv. No. 06-4026-293, 2006 WL 4446477 (Bankr. E.D. Mo. July 31, 2006); *Nat. Real Estate Invs. v. Greer (In re Greer)*, No. 01-15128 SBB, 01-1336 EEB, 2002 WL 1558544 (Bankr. D. Colo. July 12, 2002); *Thorp Credit, Inc. v. Smith (In re Smith)*, 54 B.R. 299 (Bankr. S.D. Iowa 1985).

For an award of fees, four elements that must be met: 1) there must be a creditor that requests a determination of dischargeability under § 523(a)(2); 2) the debt must be based on a consumer debt; 3) the debt must be discharged; and 4) the court must find that the position of the creditor was not substantially justified. In this case, the Plaintiff to this adversary action is a creditor and has asked for a determination that the debt owed to DSFCU be determined non-dischargeable under § 523(a)(2). The Court is aware that the subject debt is not directly owed to the Plaintiff, however the Court does not find that to be one of the requirements of the statute. The Court finds that the plain language of the statute, "a creditor request[ing] a determination of dischargeability," has been met. The underlying debt in this case is a Home Equity Line of Credit taken out in Debtor's name and secured by Debtor's former residence. When the Home Equity Line was funded, the subject collateral was held in Debtor's name[13] and the property served as Debtor's residence. The Court finds and concludes that the underlying debt is based on a consumer debt.

There is a minor technical issue with the third element. This is a Chapter 11 case where Debtor's plan has been confirmed and Debtor has sought and received a final decree. The Debtor at this point has not yet received a discharge. 11 U.S.C. § 1141(d) does not allow the entry of a discharge in an individual Chapter 11 case until all payments required under the plan have been made. The confirmed plan in this case acknowledged the limitation and effect of § 1141(d) on at least two occasions.[14] The Court finds that this Chapter 11 case is similar to the situation found in a Chapter 13 case: viz, the debtor may have to wait months or years before receiving a

---

[13] See Proof of Claim 3-1 filed by DSFCU.

[14] See last sentence of Article IX – Effect of Confirmation: "This release is not a discharge and the Debtor is entitled to a discharge only as permitted by 11 U.S.C. § 1141(d)(2) and (5)." See also Section 14.4 Closing of the Case: "At such time as the Plan has been fully administered (*i.e.* when the Plan has been substantially consummated), the reorganized Debtor will file an Application for Final Decree. After completing the Plan payments, the Debtor may seek to reopen the case for the purpose of obtaining an order discharging her obligations to her creditors."

discharge and that the discharge for an individual debtor under either Chapter is conditioned upon the debtor making all of the payments contemplated in the confirmed plan.

This case is like *In re Malone*, an unpublished opinion, where Judge Burris made findings of fact and conclusions of law regarding this very issue in a Chapter 13 case.[15] *Malone* is similar to this one not only because of the discharge issue, but also because it involved a Home Equity Line of Credit (HELOC). Judge Burris found that because a debtor is only entitled to a discharge upon the completion of the plan and the payments required thereunder, "applying § 523(d) in chapter 13 is awkward, yet it must be applied;" and "[t]here is no ambiguity about the requirement that the debt must be discharged before the remedies of § 523(d) can be obtained. . . . [However, if] the underlying bankruptcy is under Chapter 13 of the Code, [d]ebtor will need some years to complete payments and then obtain her discharge."[16] Judge Burris cited to the unpublished decision of *Baptiste v. Baptiste (In re Baptiste)*[17] and agreed with its holding that the discharge requirement does not deprive the bankruptcy court of jurisdiction as to whether the fees and costs under § 523(d) should be allowed.[18] Instead, while the Court may make the immediate determination on the allowance of the fees and costs, they cannot be paid until the condition of the discharge has been satisfied.[19]

This Court agrees with both *Malone* and *Baptiste* and concludes that the lack of a discharge in this case does not prevent the Court from making the determination on whether fees

---

[15] *In re Malone*, No. 10-02470-HB, 2011 WL 3800121 (Bankr. D. S.C. Aug. 29, 2011).

[16] *Id.* at *4 (citations omitted).

[17] See *In re* Malone 2011 WL 3800121, at *4, citing to *Baptiste v. Baptiste (in re Baptiste)*, Bankr No. 09 B 07338, Adv. No. 09 A 00707, 2010 WL 3834607, slip op. at *1 (Bankr. N.D.Ill. Sept. 24, 2010. This Court notes that the case is carried on Westlaw as *Alliant Credit Union v. Baptiste (In re Baptiste)*, Bankr. No. 09 B 07338, Adv. No. 09 A 00707, 2010 WL 3834607 (Bankr. N.D.Ill. Sept. 24, 2010).

[18] *In re Malone*, 2011 WL 3800121, at *4.

[19] *In re Baptiste*, 2010 WL 3834607, at *1.

and costs should be allowed under § 523(d). Payment of the fees and costs can be conditioned upon the entry of discharge.

### D) Affirmative Defense of Substantial Justification

Once the following elements listed in § 523(d) have been established—1) that the creditor sought to except a debt from discharge under § 523(a)(2), 2) that the subject debt was a consumer debt, and 3) that the subject debt was ultimately discharged—the burden shifts to the creditor to prove that its actions were substantially justified.[20] To satisfy the substantial justification standard, the creditor must demonstrate that it had a reasonable factual and legal basis for its claim.[21]

In this case, Mr. Roberts filed his adversary complaint seeking a determination of the dischargeability of the debt owed by the Debtor to DSFCU based on the Home Equity Line of Credit on February 14, 2018, one year and one day after the complaint deadline expired. The complaint deadline that was noticed to all creditors, including Mr. Roberts, was February 13, 2017. The Court notes that Mr. Roberts was originally listed in this case and that his name appears on the certificate of mailing issued by the BNC when it sent out the notice of the bankruptcy filing, which contained the notice of the complaint deadline. The Certificate of Notice filed by the BNC was filed on November 16, 2016 at Dkt # 12. The Court further notes that Mr. Roberts' participation in this case began on November 7, 2016, the day the Bankruptcy Petition was filed, when Mr. Roberts, through counsel, filed a Notice of Appearance and a separate Motion for Relief from Automatic Stay (Dkt # 2 and # 3). The complaint deadline passed on February 13, 2017 without Mr. Roberts having filed this complaint objecting to the dischargeability of debt, or a motion to extend the complaint deadline.

---

[20] *In re Machuca*, 483 B.R. 726, 734 (9th Cir. BAP 2012) (citations omitted).

[21] *Harvey*, 172 B.R. at 318 (citing to the language in S.Rep.No. 65, 98th Cong., 1st Sess. 58, 59 (1983); *see also Machuca*, 483 B.R. at 734; and *Malone*, 2011 WL 3800121 at * 4.

Mr. Roberts in responding to Ms. Livdahl's motion to dismiss this adversary proceeding argued that the issue he raised was not previously ripe and that he could not have brought this action before the complaint deadline. Mr. Roberts had obtained a judgment out of Pima County against Ms. Livdahl and her wholly owned limited liability company, JTC's, LLC. Mr. Roberts domesticated the judgment in Maricopa County, recorded the domesticated judgment, and eventually foreclosed on the Scottsdale property by way of conducting a Sheriff's sale in July 2016. He timely filed a non-dischargeability complaint on February 13, 2017, No. 2:17-ap-00144-MCW, for a determination that the Pima County judgment was not dischargeable under 11 U.S.C. § 523(a)(2)(A).[22] Ms. Livdahl filed an answer and counterclaim in 2:17-ap-00144-MCW seeking to declare the sale of the Scottsdale property invalid and to vest title to the property to Ms. Livdahl free and clear of Mr. Roberts' claims. Mr. Roberts' argument is that because of the counterclaim asserted by Ms. Livdahl, the dischargeability of the DSFCU debt was of "insufficient immediacy and reality between [Mr. Roberts] and [Ms. Livdahl] to warrant the issuance of a declaratory judgment." Mr. Roberts argues that it was not until this Court dismissed Ms. Livdahl's counterclaim and confirmed Mr. Roberts' interest in the property that the issue was no longer hypothetical or speculative, and then Mr. Roberts could file his dischargeability complaint.

At the hearing on the motion to dismiss, the Court ruled that this adversary complaint was untimely, and that Mr. Roberts had notice of both the bankruptcy filing and the complaint bar date. Mr. Roberts could have filed his adversary complaint and then requested it be held in abeyance until the resolution of 2:17-ap-00144-MCW, or he could have timely filed a motion under Federal Rule of Bankruptcy Procedure 4007 requesting the complaint deadline to be extended. The Court found, based on current legal precedence, that it had no discretion to extend the complaint bar date. The Federal Rules of Bankruptcy Procedure, specifically Rules

---

[22] Adversary 2:17-ap-00144-MCW dealt solely with the judgment obtained in Pima County and did not involve the issue in this adversary, the dischargeability of the debt involving the Home Equity Line of Credit to DSFCU.

9006(b)(3) and 4007(c), make clear that it is not possible to retroactively extend the time to file a dischargeability complaint.[23] The Court found that Mr. Roberts and his counsel had more than thirty days' notice of the complaint bar date, Mr. Roberts was represented by competent counsel, Mr. Roberts actively participated in the case, and Mr. Roberts specifically knew of the complaint bar date based on his filing of a separate dischargeability complaint on the complaint deadline.

Based on the foregoing, the Court finds and concludes that Mr. Roberts had no substantial justification in bringing this § 523(a)(2) action because there is no reasonable basis in law and fact for filing a dischargeability complaint one year and one day after the expiration of the complaint deadline. Even if the complaint had been filed timely, it did not appear to articulate a valid legal basis for relief. The complaint attempted to put forward three causes of action: two for fraudulent transfer, and one for fraudulent concealment. Mr. Roberts failed to identify under what statute he was seeking a determination of fraudulent transfer or fraudulent concealment. Further, Roberts did not seek any relief based on the specific counts he alleged – i.e. he did not seek to avoid the transactions he alleged were fraudulent and he did not seek damages to be awarded based on the alleged fraudulent concealment. Instead, his prayer for relief simply sought that any debt owed to DSFCU be declared non-dischargeable under 11 U.S.C. § 523(a)(2).

Moreover, Mr. Roberts failed to explain why he had standing to bring avoidance actions on behalf of the bankruptcy estate, if that was what he was intending to do. As a creditor, Mr. Roberts would not have standing to bring a fraudulent transfer case under 11 U.S.C. § 548 or any other avoidance claim using the status of a hypothetical lien creditor under § 544 without first obtaining leave from the Court. Mr. Roberts did not seek any such leave to assert a fraudulent conveyance action under the Bankruptcy Code or under Arizona statutes on behalf of the bankruptcy estate. Mr. Roberts also did not say how he might be able to assert claims on behalf

---

[23] In making its ruling to dismiss the adversary complaint, the Court cited *Anwar v. Johnson*, 720 F.3d 1183 (9th Cir. 2013), for the proposition that the Federal Rules of Bankruptcy Procedure afford the Court no discretion to retroactively extend the deadline set by Bankruptcy Rule 4007(c), and that the Court lacked equitable power to grant an extension if the deadline for filing a complaint or a motion to extend the deadline is missed and the creditor had sufficient notice of the applicable deadline.

of DSFCU, which he alleged was the party against whom Ms. Livdahl improperly obtained a loan based on a Home Equity Line of Credit. In short, the Court finds and concludes that Mr. Roberts would be unable to establish a reasonable basis in law or fact that the late filed adversary complaint seeking a § 523(a)(2) determination of the dischargeability of the debt owed to DSFCU was meritorious. The Court further finds and concludes that at the time the adversary complaint was filed that Mr. Roberts, or his counsel, knew, or should have known that the complaint bar date for bringing a § 523(a)(2) action had expired a year earlier.

The Court therefore finds and concludes that Ms. Livdahl is entitled to an award of fees and costs incurred in defending the § 523(a)(2) action brought in this adversary proceeding under § 523(d). The Court further finds and concludes that Mr. Roberts has raised no objection to the reasonableness of the fees and the Court finds that the requested $4,712.50 is reasonable. Accordingly,

**IT IS ORDERED** denying Debtor's Motion for an Award of Attorneys Fees based on A.R.S. § 12-341.01;

**IT IS FURTHER ORDERED** allowing fees and costs in the amount Debtor seeks based on her successful defense of creditor Roberts' unjustified request for a determination of the dischargeability of the debt owing to Desert Schools Federal Credit Union. The fee award of $4,712.50 will be allowed at this time in favor of the Debtor, Ms. Livdahl, and against Mr. Roberts based on 11 U.S.C. § 523(d). To the extent that Debtor's plan of reorganization calls for payments to Mr. Roberts, Debtor may withhold from the last payment(s) to be made to Mr. Roberts an amount sufficient to pay the fees allowed by this final fee award. Such fees should be paid into Debtor's counsel's trust account, pending completion of all payments under the plan and receipt of her discharge. These amounts shall be deemed to have been paid on the amount owing to Mr. Roberts for purposes of obtaining her discharge under § 1141(d). Once Debtor has obtained her discharge in this case, she may lodge a form of judgment granting a fee award of

1  $4,712.50.  The funds held in the attorney trust account may be transferred to the Debtor upon
2  entry of that judgment.
3  **SIGNED AND DATED ABOVE.**